IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| LINDA EWING,<br><br>   Plaintiff,<br><br>   v.<br><br>FIRST ENERGY CORP.,<br><br>   Defendant. | Case No. 2:17-cv-01573-MRH<br><br>JUDGE MARK R. HORNAK<br><br>**MEMORANDUM IN SUPPORT OF<br>DEFENDANT'S MOTION FOR FEES** |

**I.    INTRODUCTION**

On December 21, 2018, this Court denied Plaintiff Linda Ewing's Motion to Compel, which sought an order requiring Defendant FirstEnergy Corp. ("FirstEnergy") to respond to certain discovery. (ECF #64.) The Federal Rules of Civil Procedure provide that, upon denying a motion to compel discovery, a court ***must require*** the movant, the attorney filing the motion, or both to pay the reasonable expenses including attorney's fees incurred by the party opposing the motion. The only limited exceptions to this blanket rule is when a court finds the motion was "substantially justified" or that other circumstances make an award unjust. No reasonable person could apply those limited exceptions to Ewing's Motion to Compel.

As the Court made clear in its Opinion, the Motion to Compel directly contravened the Court's repeated instructions regarding the scope of the limited discovery in which the parties are currently engaged. Indeed, the Court found that it had "***explicitly told the parties on multiple occasions*** that the first phase of discovery was limited to 'whether FirstEnergy is an employer or joint employer of Plaintiff.'" (Emphasis added.) FirstEnergy has stated from the outset of the case that it was ***not*** the employer, and should not be involved in this case. The ***limited*** discovery permitted by the Court did ***not include***, as Ewing had tried to claim, economic questions clearly relegated to a later stage of litigation, which would be relevant if, and only if, the threshold

matter of whether FirstEnergy was properly in this case to begin with was decided. (ECF # 63, p. 7.) There can be no clearer indication that Ewing's Motion to Compel was not "substantially justified" or that other circumstances were present which would make an award unjust. Accordingly, FirstEnergy, as the prevailing party, is entitled to an award for its attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(B).

## II. FACTS

On December 4, 2017, Ewing filed her Complaint alleging overtime violations under the Fair Labor Standards Act ("FLSA") and similar state wage acts. (ECF #1.) On February 9, 2018, FirstEnergy filed its Motion to Dismiss, asserting that Ewing did not and could not plausibly establish that FirstEnergy exercised "significant control" over her sufficient to show that FirstEnergy was her "employer," as that term is defined under the FLSA. (ECF #13.) On March 4, 2018, the Court denied without prejudice FirstEnergy's Motion to Dismiss, in part, because it relied on extrinsic documents that the Court declined to consider at that early stage. (ECF #22.)

On June 6, 2018, the Court held the Initial Conference with the parties during which the Court acknowledged that there was a "colorable argument" that FirstEnergy is not a purported joint employer and truly was a "stranger to the claim." (ECF #32.) After the parties submitted an Amended Fed.R.Civ.P. 26(f) Report of the Parties (ECF #37), the Court entered its Order on July 26, 2018, ordering the parties to engage in *limited discovery* on "whether FirstEnergy is an employer or joint employer of Plaintiff," in anticipation of FirstEnergy filing a summary judgment motion on that discreet issue. (ECF #38.) The Order provided that a deadline for a second phase of discovery would be set by further order.

The parties commenced limited discovery by exchanging written interrogatories and production requests. A dispute arose over FirstEnergy's answers to Ewing's discovery, which

sought information and documents related to the economic realities test employed by the Third Circuit for a *later* phase of class certification, to determine whether a worker is an employee or independent contractor under the FLSA. On August 17, 2018, the Court held a telephonic status conference during which it rejected Ewing's contention that discovery during the first phase of limited discovery required finding out "how [FirstEnergy] treats these workers [like Ms. Ewing]" as opposed to investigating whether Ewing was in fact an employee of FirstEnergy *at all*. (ECF #63, p. 2, quoting Transcript of Aug. 17, 2018 Telephonic Status Conference, ECF #58-10, at 10:5-7.) During the telephonic status conference, the Court ordered Ewing to serve limited discovery requests to FirstEnergy which would be specifically "directed at phase one issues." (ECF #58-10, at 19:17-21.)

On September 11, 2018, FirstEnergy received Ewing's First Amended Interrogatories and First Amended Requests for Production (Ewing's "Amended Requests"). Despite the Court's order that the Amended Requests be "directed at phase one issues," a number of the Amended Requests were directly related to phase two economic realities issues. In its response served on Ewing on October 11, 2018, FirstEnergy objected to those Amended Requests related to the economic realities test. (ECF #59, Ex. 1.) Although FirstEnergy later supplemented some of its response to the Amended Requests, it did not respond to the improper requests related to the economic realities test. (ECF #59, Exs. 6, 7, 8.) On November 14, 2018, FirstEnergy served its objections to Ewing's Notice of Oral, Videotaped Deposition of First Energy Corp.'s Corporate Representative ("30(b)(6) Notice") in which FirstEnergy objected to topics directly related to the phase two economic realities test. (ECF #59, Ex. 9.)

On November 19, 2018, Ewing filed her Motion to Compel, which sought an order to require FirstEnergy to answer Interrogatory Nos. 1, 2, 5, 6, 7, 9, and 10, respond more fully to

Production Request Nos. 2, 3, 4, 5, 6, 7, and 8, provide a withholding statement pursuant to Fed. R. Civ. P. 34(b)(2)(C), and overrule FirstEnergy's objections to the 30(b)(6) Notice. On November 29, 2018, FirstEnergy opposed the Motion to Compel.

On December 21, 2018, the Court issued its Opinion (ECF #63) and Order (ECF #64) denying Ewing's Motion to Compel in its entirety as well as her Motion for Equitable Tolling. In its Opinion, the Court rejected Ewing's argument that the economic realities test had any applicability, whatsoever, to the threshold question of whether FirstEnergy employed Ewing, and agreed with FirstEnergy that the only test relevant to the first phase of limited discovery is the *Enterprise* joint employer test. (ECF #63, pp. 4-5, 7-8.) "[T]he Court explicitly told the parties on multiple occasions that the first phase of discovery was limited to 'whether FirstEnergy is an employer or joint employer of Plaintiff.'" (ECF #63, p. 7.) Indeed, as the Court noted in its denial of Ewing's Motion for Equitable Tolling, "To the extent that anyone insists on a 'merits-first' approach, ***it is Plaintiff, who has, contrary to Court Order, repeatedly requested discovery*** going to the issue of whether Plaintiff was properly classified as an independent contractor." (ECF #63, p. 5, emphasis added) The Court then analyzed FirstEnergy's answers and objections to the Amended Requests and 30(b)(6) Notice, finding that Ewing's objections to them are without merit. (ECF #63, pp. 8-11.) FirstEnergy's Motion for Fees now follows.

### III.   LAW AND ARGUMENT

#### A.   Legal Standard

Fed. R. Civ. P. 37(a)(5)(B) provides that a court is required to shift reasonable expenses including attorneys' fees incurred in opposing a motion to compel discovery responses to the prevailing party, unless limited circumstances apply:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and **must, after giving an opportunity to be heard, require the**

> ***movant, the attorney filing the motion, or both to pay*** the party or deponent who opposed the motion its ***reasonable expenses incurred in opposing the motion, including attorney's fees***. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(Emphasis added.) As the Supreme Court has explained in a related context, a party is entitled to the "costs that [the party] would not have incurred but for" the attorney's conduct; the "dispositive question is . . . whether the costs would have been incurred in the absence" of the unjustified conduct. *Fox v. Vice*, 563 U.S. 826, 838 (2011).

"The burden of persuasion is on the losing party to avoid assessment of expenses and fees, rather than on the winning party of obtain[ing] such an award." *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07CV2077, 2008 U.S. Dist. LEXIS 83766, *7 (C.D. Ill. Sept. 16, 2008). Thus, Ewing must show that the Motion to Compel was substantially justified or that other circumstances exist which would make an award unjust. FirstEnergy submits that based on this legal standard, it is entitled as the prevailing party to its reasonable expenses in opposing Ewing's Motion to Compel.

### B.    FirstEnergy is the Prevailing Party

In its Order, the Court denied Ewing's Motion to Compel in its entirety, holding that FirstEnergy had adequately answered and responded to the Amended Requests and the 30(b)(6) Notice. Thus, FirstEnergy is the prevailing party.

### C.    Ewing's Motion to Compel was not "Substantially Justified"

A party is "substantially justified" in bringing a motion to compel only if the party has a reasonable basis in fact and law for the position taken in the motion and a genuine dispute concerning compliance exists. *Bosire v. Passaic County*, No. 12-6498, 2017 U.S. Dist. LEXIS 167275, at *2 (D.N.J. Oct. 10, 2017) (*citing Pierce v. Underwood*, 487 U.S. 552, 565, (1988)

(substantial justification requires justification "to a degree that could satisfy a reasonable person"); *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 591 (D.N.J. 1997).

Ewing was, in no way, shape, or form, substantially justified in filing her Motion to Compel. As the Court made plain in its Opinion, no reasonable basis in fact or law exists to support Ewing's Motion to Compel, because there was no dispute that the economic realities did not apply to the first phase of limited discovery. The Court made this very point crystal clear in its Opinion, noting that it had "explicitly told the parties on multiple occasions that the first phase of discovery was limited to 'whether FirstEnergy is an employer or joint employer of Plaintiff'" and that the economic realities test had no application. Despite these instructions—which were conveyed by the Court both in its Order *and* during *two* separate telephonic hearings with the parties—Ewing nevertheless barreled head-on in pursuit of discovery related to the economic realities test, even to the point of invoking the Court's intervention. Ultimately, the Court found that not only were Ewing's actions during the first phase of limited discovery "contrary to Court Order" but that her objections to FirstEnergy's answers and responses to the Amended Requests and the 30(b)(6) Notice lacked merit. Thus, Ewing lacked any justification, let alone substantial justification, in filing her Motion to Compel.

D. **No "Other Circumstances" Make an Award to FirstEnergy Unjust**

The conditions for when the catch-all term "other circumstances" would make awarding costs "unjust" are "fairly vague." *Jones v. Dufek*, 830 F.3d 523, 529 (D.C.C. 2016). The advisory committee, however, explained that the insertion of this phrase did "not significantly narrow the discretion of the court" to award attorney's fees for discovery violations. Fed. R. Civ. P. 37 advisory committee's notes to 1970 amendments; *see Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978).

Here, there are no other circumstances which would make an award to FirstEnergy unjust. After denying FirstEnergy's Motion to Dismiss, the Court bifurcated discovery—phase one was limited solely to whether FirstEnergy was an employer or joint employer of Ewing while phase two would include all other necessary discovery. Thus, the Court made it known from the start that Ewing would have an opportunity to pursue discovery related to issues other than the employer/joint employer issue in the future and there was no need to pursue during the first phase of discovery class certification issues such as whether Ewing was an employee or independent contractor. In fact, such discovery was prohibited. Because the Court expressly provided an avenue for the type of discovery Ewing sought in her Motion to Compel *she* was completely unjustified in seeking an order to compel FirstEnergy to respond to discovery requests related to the economic realities test. Thus, no "other circumstances" exist which would make an award unjust.

**IV.     CONCLUSION**

Based on the foregoing, FirstEnergy respectfully requests an order awarding FirstEnergy its reasonable costs including attorneys' fees incurred in opposing Plaintiff's Motion to Compel.

Respectfully submitted,

*/s/ Richard E. Hepp*
W. Eric Baisden (0055763)
Richard E. Hepp (0090448)
  *Admitted Pro Hac Vice*
**BENESCH FRIEDLANDER**
  **COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email: ebaisden@beneschlaw.com

*Attorneys for Defendant FirstEnergy Corp.*